ROBERT A. CHAISSON, Judge.
| ¡/The Succession of Effie Dowdy Bennett, through Administratrix Pitrina Kim-ble, appeals from a judgment denying declaratory relief in this suit to reform an authentic act for the transfer of an immovable. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
In 2003, Effie Dowdy Bennett and her brother, Donald P. Dowdy, purchased a house in Jefferson Parish. The “Cash Sale” by authentic act clearly states that both are residents of Jefferson Parish and that they are purchasing the property “for themselves, their heirs and assigns” for $65,000 which “they have paid in ready and *497 current money” to the vendors. Both Effie and Donald are now deceased and their respective successions are the parties here.
Pitrina Kimble claims to be the adminis-tratrix of both successions, but the record contains no verification of her status by certified documents from either succession. In her alleged capacity as the administra-trix of Effie’s succession, she brought the present action to have the house declared the sole property of that succession. She named herself as the defendant in this suit in her alleged capacity as administratrix of Donald’s succession. The allegations of the petition are that |sDonald was merely an accommodation party to the sale and was included only because he had a stronger credit rating for purposes of obtaining a mortgage.
The petition represents that Donald has four nephews and nieces who are his heirs; however, there is no verification of this fact by certified pleadings from Donald’s succession. The evidence shows that three of these heirs were notified of the proceedings and signed notarized statements saying that they did not object to the removal of Donald’s name from the title to the property. The fourth heir did not respond to a request that she too relinquish any claim to the property. The court entered a preliminary default judgment on July 31, 2012. After a hearing on December 13, 2012, at which evidence was presented, the trial judge denied the relief sought. This appeal followed.
DISCUSSION
Pitrina Kimble, appearing in her alleged capacity as administratrix of Donald’s succession, stated that she had no objection to removing Donald’s name from the title. The evidence further showed that Effie had lived for some 30 years with Peter Guaraggi, who has four living children by another woman, one of whom is Pitrina Kimble. He represented that in her last will and testament, Effie left the property to his children with a usufruct in his favor. Neither Effie’s alleged will, nor any evidence of it having been probated, is of record here. Mr. Guaraggi testified that he did repair work on the property, and expended his funds on these repairs. He also testified that Donald did not contribute to any of the mortgage payments on the property, but no corroborating evidence was presented to show that such payments were made, or indeed that the property was ever mortgaged. The act of sale itself states that it was a cash sale.' Additionally, the documents introduced in conjunction with homeowner insurance policies do not show any mortgagee as an insured. There was evidence corroborating that Donald did not Dmake any insurance payments for the property, but the testimony that he did not pay any taxes remained uncorroborated.
The trial judge stated in her reasons for judgment that she believed that Donald made no payments on the house and that he was merely an accommodation party. She determined as a legal matter, however, that an authentic act could not be varied on the basis of parole evidence by persons not parties to the act, citing La. C.C. arts. 1831 et seq. She therefore denied the relief sought.
We initially note that the proceedings of December 13, 2012, were actually a confirmation of the preliminary default entered on July 31, 2012. As such, plaintiff was required to present proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702.
It is clear that the basis of plaintiffs claim is that the act of sale was a simulation as to the true purchaser, ie., that Effie was to be the owner while Donald was only signing for purposes of Effie obtaining credit. La. C.C. art. 1848 provides that testimonial or other evidence may be admitted to prove a simulation. It *498 was thus incumbent on plaintiff to show that more likely than not Donald signed the act of sale only to establish credit for Effie. We find that plaintiff did not do so by competent evidence. First, Mr. Guar-aggi did not state that he was present at the act of sale, nor did he indicate how he determined that Effie had a credit issue which Donald agreed to resolve. Second, the act is a “Cash Sale” and there were no documents introduced to show that a mortgage requiring a credit check was involved in the transaction. Third, the homeowner’s insurance documents do not show a mortgagee as an insured. Fourth, there was no evidence of payments made on an alleged “note.” What is left is mere conjecture that the act was a simulation in regard to Donald’s actual interests, and this is simply not prima facie proof.
|fiThere is yet another problem with his proceeding. Pursuant to La. C.C. art. 2028, simulations may have effects as to third persons. We note that plaintiff did not submit mortgage or conveyance certificates on this property to establish whether there exist any outstanding mortgages or liens that affect Donald’s interest. Furthermore, it is represented that Pitrina Kimble is the administratrix of Donald’s succession, and therefore that such a succession has been opened. The title to the immovable property at issue here is clearly a part of that succession. However, there is nothing in the record before us to indicate what assets and liabilities may be present in that succession, or whether there are creditors who may be adversely affected by removal of that property from Donald’s estate. Similarly, it is not clear that the documents signed by three of Donald’s four heirs ostensibly renouncing their interests in the property would be valid if the interests of creditors of Donald’s estate were to be negatively affected. Furthermore, La. C.C.P. arts. 3261-3298, dealing with alienation of succession property, uniformly require approval for such transfers by the court in which the succession is pending. The record contains no certified documents from Donald’s succession indicating that Ms. Kimble has obtained that court’s authority for her to consent to the abandonment of any ownership claim to the property, and therefore the removal of that asset from Donald’s succession. Clearly, the court in which the present proceeding has been brought is not the proper forum to resolve these issues.
Additionally, La. C.C.P. arts. 3194-3195 prohibit a succession representative from acquiring any interest in the property of the succession, unless she is an heir or legatee of the decedent. Here, Pitrina Kimble is not alleged to be an heir or legatee of Donald, but she is alleged to be a legatee of Effie. If declaratory relief were granted, the result would be that Ms. Kimble would acquire an interest in property that, but for her unauthorized consent to the abandonment of any | (¡ownership claim and the property’s transfer out of Donald’s succession, would be a part of his succession. This result is expressly prohibited by the above articles. There may be a question therefore as to the propriety of Ms. Kimble serving as the administra-trix of both successions.
CONCLUSION
Although we find that the trial judge took too restrictive a view of the admissibility of parole evidence to establish that an authentic act may be a simulation, we nonetheless hold that, as the above discussion shows, on the evidence presented, she correctly denied declaratory relief. For the foregoing reasons, the judgment is affirmed.

AFFIRMED.